425 F.2d 730
 74 L.R.R.M. (BNA) 2193
 NATIONAL LABOR RELATIONS BOARD, Petitioner, and Cincinnati
Sheet Metal Engineering Company, Intervenor,
v.
LOCAL UNION NO, 141 OF the SHEET METAL WORKERS'
INTERNATIONAL ASSOCIATION and its Agents Raymond
Bickers and John F. Wonderly, Respondents.
 No. 19830.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1970.
 
 Roger L. Sabo, Atty., N.L.R.B., Washington, D.C., for petitioner; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, John I. Taylor, Atty., N.L.R.B., Washington, D.C., on brief.
 Robert I. Doggett, Cincinnati, Ohio, for respondent; Smith, Latimer, Doggett & Swing, Cincinnati, Ohio, on brief.
 Bauer & Morelli, Arnold Morelli, Cincinnati, Ohio, on brief for intervenor.
 Before PECK, COMBS, and BROOKS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case is before us upon application of the National Labor Relations Board for enforcement of its order against Local Union No. 141 of the Sheet Metal Workers International Association and its agents Raymond Bickers and John F. Wonderly. Cincinnati Sheet Metal Engineering Company has been granted leave to intervene. The Board found that certain provisions of the bargaining agreement between Local No. 141 and the Cincinnati Sheet Metal Contractors Association violated Section 8(e) of the National Labor Relations Act. It further found that Local No. 141 had violated the Act by inducing and encouraging employees of certain contractors and by coercing employers to cease handling products of the intervenor. Cincinnati Sheet Metal Engineering Company. 174 NLRB No. 125.
 
 
 2
 The bargaining agreement between the union and the Cincinnati Sheet Metal Contractors Association prohibited contractors from purchasing or using prefabricated materials from manufacturers who pay their employees less than the prevailing wage rate for sheet metal construction workers. Certain items are exempt from this prohibition but 'flexible elbows' for industrial use and 'round pipe' of 24 gauge or less are not exempt. The intervenor, Cincinnati Sheet Metal Engineering Company, is a manufacturer of these two items and their employees are paid 'production' rates which are lower than 'construction' rates.
 
 
 3
 The Board found that in the Cincinnati area contractors historically have not fabricated round pipe except in unusual situations and that they do not fabricate flexible elbows. The Board concluded that the questioned contractual provisions did not serve the purpose of preserving or recapturing bargaining unit work and were therefore in conflict with Section 8(e) of the Act.
 
 
 4
 We are of the opinion that the Board's rulings of law are correct and that its findings of fact are supported by substantial evidence.
 
 
 5
 Enforcement of the order is granted.